[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner brings this application for an order that respondent "immediately comply with [a] subpoena." The respondent objects because the material sought is protected under Conn. Gen. Stats. § 19a-17b.
Facts
In June 1993 Michele R. Norbeck, Assistant Executive Vice President of The Hartford County Medical Association (HCMA) took the written statements of a complaining witness, Jane Doe, and of petitioner's ex-wife, Elizabeth Stroebel, via telephone.
In 1993 the Connecticut Department of Public Health and Addiction Services brought proceedings before the Connecticut Medical Examining Board (Board) to restrict, suspend or revoke the right to practice medicine of the petitioner. In that continuing hearing before the Board the statements taken by Norbeck have been placed in evidence. CT Page 8246
On April 7, 1994 the petitioner issued a subpoena to Norbeck to testify before the Board and she has declined claiming the confidentiality of peer review proceedings carried on by HCMA's Committee on Physician Health under statute and common law.
This court action is brought by petitioner to enforce the subpoena, which seeks:
 "Any and all notes, correspondence, affidavits, memoranda, summaries, photographs or other documents or physical evidence gathered by you regarding the initiation and investigation of the above matter and of 90-001 and any other complaint filed with the Hartford County Medical Association against Charles F. Stroebel, III, M.D. between January 1, 1987 to the present time."
The petitioner here is the respondent in the administrative proceeding before the Board in which the Department of Health and Addiction Services is seeking to suspend his medical license based on the complaint of one patient, who has alleged sexual and other improper misconduct on the part of petitioner, some of which allegedly took place in petitioner's medical office.
Petitioner alleges that both Jane Doe and Elizabeth Stroebel have questioned the statements attributed to them in the written telephone statements of Norbeck and the circumstances surrounding the initial telephone call involving Jane Doe.
All the calls in question were between Jane Doe and HCMA and Elizabeth Stroebel and HCMA.
This court has no evidence that any peer review procedures were instituted by Hartford County Medical Association with regard to this complaint except to refer the complaints to the State Department of Health Services.
Law
Petitioner argues that we should interpret this statute to conclude that the proceeding in question is not CT Page 8247 a civil action and thus not subject to the statute. The pertinent subsection of the statute reads as follows:
 (d) The proceedings of a medical review committee conducting a peer review shall not be subject to discovery or introduction into evidence in any civil action for or against a health care provider arising out of the matters which are subject to evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to the content of such proceedings; provided the provisions of this subsection shall not preclude (1) in any civil action the use of any writing which was recorded independently of such proceedings; (2) in any civil action, the testimony of any person concerning the facts which formed the basis for the institution of such proceedings of which he had personal knowledge acquired independently of such proceedings; (3) in any health care provider proceedings concerning the termination or restriction of staff privileges, other than peer review, the use of data discussed or developed during peer review proceedings, or (4) in any civil action, disclosure of the fact that staff privileges were terminated or restricted, including the specific restriction imposed, if any.
Conn. Gen. Stats. § 19a-17b(d).
It is clear enough that the "proceedings of a medical review committee conducting a peer review shall not be subject to discovery" but questions do remain. Conn. Gen. Stats. § 19a-17b(d).
A medical review committee is defined in the statute as follows:
 (iv) "Medical review committee" shall include any committee of a state or a local professional society or a committee of any health care institution established pursuant to written bylaws, and any utilization review committee CT Page 8248 established pursuant to Public Law 89-97, and a professional standards review organization or a state-wide professional standards review council, established pursuant to Public Law 92-603, engaging in peer review, to gather and review information relating to the care and treatment of patients for the purposes of (1) evaluating and improving the quality of health care rendered; (2) reducing morbidity or mortality; or (3) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care. It shall also mean any hospital board or committee reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto.
Thus, for our purposes the proceeding in question is before the Board.
Peer review is defined in the statute as follows:
 (ii) "Peer review" means the procedure for evaluation by health care professionals of the quality and efficiency of services ordered or performed by other health care professionals, including practice analysis, inpatient hospital and extended care facility utilization review, medical audit, ambulatory care review and claims review.
The proceeding in which the Board committee is engaged is peer review. A peer review procedure is not a civil action, Commissioner of Health Services v. Kadish,17 Conn. App. 577, 580-581, and the statute only shields use in civil actions.
That holding may effectively conclude this matter but we will also consider whether or not statements taken via telephone by one organization before any hearing was noticed or contemplated are part of the peer review proceedings before another organization.
Norbeck makes a bald statement that, "complaints made to professional peer review organizations are privileged and entitled to confidentiality" but does not cite a statute, regulation or case. CT Page 8249
There are three basic problems with defendant's argument. First, there is no evidence that any peer review proceeding had begun before any medical review committee at the time the statements were written. It is those proceedings which are statutorily shielded. Second, there is no evidence that the statements were ever presented to HCMA in any peer review proceeding in regard to petitioner. Third, the complaints in these statements were not made to the Board where peer review is occurring but to HCMA where no peer review has occurred.
On the record before this court it cannot be found that the subpoenaed information is part of "proceedings of a medical review committee conducting a peer review."
The application is granted.
N. O'Neill, J.